## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

===================================

SARA TWERSKY individually and
on behalf of all others similarly situated


                    Plaintiff,


          -against-


FIRSTSOURCE ADVANTAGE, LLC


                    Defendant.


===================================

## CLASS ACTION COMPLAINT

### *I.    Introduction*

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

1.    Plaintiff Sara Twersky brings this action to secure redress from unlawful collection practices engaged in by Defendant Firstsource Advantage, LLC.

2.    Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

3.    The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II.   Parties

4.     Plaintiff is a citizen of the State of New York who resides within this District.

5.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

6.     Upon information and belief, Defendant's principal place of business is located in Buffalo, New York.

7.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III.   Jurisdiction and Venue

9.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV.   Allegations

11.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

12.     On or about February 2, 2016, Firstsource Advantage, LLC sent a collection letter to the Plaintiff Sara Twersky. (see attached exhibit)

13.    The said letter was an effort to collect on a defaulted consumer debt.

14.    The said letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate.

15.    The Plaintiff as well as the "least sophisticated consumer" were unsure as to whether or not the said account was accruing interest.

16.    When addressing this exact issue the Second Circuit stated: "We hold that Section 1692e of the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. Because plaintiffs allege that defendants failed to disclose that information here, they have stated a claim under the FDCPA." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 74 (2d Cir. 2016)

17.    The said letter fails to include the safe harbor language set out by the Second Circuit.

18.    The "Account Balance" in the case at hand was for an amount that included original principal, fees, and contractual interest.

19.    The Plaintiff was left uncertain as to whether the "Account Balance" was accruing interest as there was no disclosure that indicated otherwise.

20.    The Plaintiff was left unsure whether the "Account Balance" would accrue any type of fees, costs and/or disbursements as there was no disclosure that indicated otherwise.

21.    A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the

notice.

22.     However, since contractual or statutory interest is automatically accruing daily, and since there are undisclosed fees that will accrue, a consumer who pays the "Account Balance" stated on the notice will be unaware as to whether or not the debt has been paid in full.

23.     The debt collector could still seek the automatically accrued contractual or statutory interest that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

24.     A letter that states "Account Balance," without notice that the amount is already increasing due to accruing automatically accruing contractual or statutory interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his or her account.

25.     The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

26.     Pursuant to New York state law, statutory interest starts to accrue on the debt from the date of the breach of contract at the rate of 9% per annum.[1]

---

[1] Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also _Rhodes v. Davis_, 628 Fed. Appx. 787, 794 (2d Cir. 2015). (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract . . . ." (citing Id. § 5001(a))). Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004.  When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action

27.    The amount of the contractual or statutory interest, automatically increases each day that the defaulted debt remains unpaid due to the automatically contractual or statutory accrued interest.

28.    Collection notices that state only the "Account Balance," but fail to disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

29.    To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

30.    Firstsource Advantage, LLC was required to include a disclosure that the automatically accrued interest _was_ accruing, or in the alternative, Firstsource Advantage, LLC was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; yet the Defendant failed to make any such disclosures, violating Section 1692e of the FDCPA.

31.    If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

32.    The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.    It also protects

---

existed." Id. § 5001(b). "In New York, a breach of contract cause of action accrues at the time of the breach." Ely-_Cruikshank Co. v. Bank of Montreal_, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d 501 (1993) (citations omitted).Prejudgment interest on defaulted debt obligations "shall be computed from the earliest ascertainable date the cause of action existed," which is when the debtor fails to make the monthly payment. N.Y. C.P.L.R. § 5001(b). "New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004.  Accordingly, Plaintiffs are entitled to prejudgment interest on the installments that were not timely paid." _Kasperek v. City Wire Works, Inc._, No. 03 CV 3986 (RML), 2009 U.S. Dist. LEXIS 19803, at *8 (E.D.N.Y. Mar. 12, 2009).

consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."[2]

33.    Because the statement of the "Account Balance" that included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that interest has stopped accruing.

34.    Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

35.    According to the Second Circuit's finding that the "Account Balance" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is.  "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or un-waived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from

---

[2] *Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72, 76 (2d Cir. 2016)

the consumer." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

36.     The 8th Circuit in *Haney v. Portfolio Recovery Assocs.*, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

37.     In fact, in this case, the Plaintiff is still left unsure as to whether there was any intent to waive the interest.  There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract.   The consumer could not know what the real balance is.

38.     The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts.[3] A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.[4]

39.     The 8th Circuit Court of Appeals found that the fact that the debt was charged off and that the creditor or debt buyer did not charge statutory interest in its statements post charge off does not constitute an express waiver and statutory interest is still continuing to accrue and may be charged at a future time.

40.     According to the Second Circuit in *Avila*, any such a debt would need full and complete disclosure.   See *Haney v. Portfolio Recovery Assocs.*, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) ("Nothing inherent in the process of charging off a debt precludes a claim for statutory interest, and [the states] prejudgment interest statute does not expressly preclude statutory prejudgment

---

[3] *Navillus Tile, Inc. v. Turner Const. Co.*, 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003)

[4] *Acumen Re Management Corp. v. General Sec. Nat. Ins. Co.*, 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

interest following a waiver of contractual interest...[The debtor] received monthly periodic statements from the original creditors prior to charge-off, and at least as to the *Wal-Mart* account, the charge-off statement itself is attached to the pleadings. [The debtor] received a demand for payment of his accounts when due. We conclude any demand requirement that exists as a precondition to the accrual of statutory prejudgment interest was satisfied by the original creditors' demands upon [the debtor].")

41.    Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e.  The Defendant knew that the balance would increase due to interest, fees and / or disbursements.

42.    Since the "Account Balance" is for an amount that includes original principal, fees, and contractual interest, the collection notice must accurately inform the consumer that interest is accruing daily or that interest has stopped accruing. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full."[5]

43.    The "Account Balance" is for an amount that includes original principal, fees, and contractual interest. If interest was waived or stopped accruing the collection notice must disclose that "*This debt is not accruing interest.*"  *McNamee v. Debski & Assocs., P.A.*, No. 8:16-cv-2272-T-33TBM, 2016 U.S. Dist. LEXIS 131912, at *8-9

---

[5] *Avila v. Riexinger & Assocs., LLC,* Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

(M.D. Fla. Sep. 27, 2016) ("The letters did not inform [the debtor] that *Capital One* had instructed [the debt collector] to cease collecting[] interest... i.e., that *Capital One* was willing to accept $3,129.05 in full satisfaction of the debt. Because the letters did not "clearly state[] that the holder of the debt [would] accept payment of the amount set forth in full satisfaction of the debt . . .," *Avila*, 817 F.3d at 77, [the debtors] Complaint plausibly states a claim to relief under the FDCPA.") (citations omitted)

44.    Since interest was accruing the collection notice must inform the consumer that the amount of the debt stated in the letter will increase over time.

45.    Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).

46.    "None of the letters provided further detail regarding when or how the balance had been calculated, whether it included interest, or whether interest continued to accrue. The court finds that the "least sophisticated consumer" could have read these letters in at least two different ways. *On one hand*, an unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would not be subject to further interest, late fees, or other charges. *On the other*, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. *One of those meanings would necessarily be inaccurate*. Therefore, the court finds that Defendants' letters were deceptive as a matter of law.  Courts in other districts have reached the same conclusion on similar facts. The court grants Ms. Snyder's motion for summary judgment on this issue."  *Snyder v. Gordon,* No. C11-1379 RAJ, 2012 U.S. Dist. LEXIS

120659, at *8-9 (W.D. Wash. Aug. 24, 2012)

47.     "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest"  *Michalek v. ARS Nat'l Sys.*, No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011)

48.     The Plaintiff and an unsophisticated consumer would conclude from the said letter, that the "Account Balance" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

49.     Absent a disclosure by the holder of the debt that the automatic interest is waived, even if the debtor pays the "Account Balance" the Defendant and or the creditor **could** still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer.  *Avila*, at *10-11.

50.     A waiver of interest, even when made explicitly, has not prevented debt

collection agencies from continuing to illegally charge the waived interest.  At the bare minimum a debt collection agency must clearly convey, even to the unsophisticated consumer that it intends to waive the automatically accruing interest, or that the debt has stopped accruing interest.

51.    A debtor who pays the "Account Balance" stated in the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

52.    Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

53.    On information and belief, such actions are part of a scheme or business of the Defendant when attempting to collect alleged debts from consumers in the State of New York.

54.    On information and belief, the Defendant's letters, such as the said February 2, 2016 letter, number in at least the hundreds.

55.    Defendant, by failing to state that it would add interest to the amount of the debt, made materially false statements, in violation of 15 U.S.C. § 1692e of the FDCPA.

56.    The Plaintiff alleges and avers that Defendant's February 2, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any

debt and for misrepresenting the amount of the debt owed by the Plaintiff.

57.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

58.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

59.     The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

60.     The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

61.     The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

62.     The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

63.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived her of hers right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

64.     These deceptive communications additionally violated the FDCPA since

they frustrate the consumer's ability to intelligently choose his or her response.

65.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### V.    Class Allegations

66.    This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

67.    The identities of all class members are readily ascertainable from the records of Firstsource Advantage, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

68.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Firstsource Advantage, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

69.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

70.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

71.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

72.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)      **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

73.      Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

74.      Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

75.     Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

76.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VI.     First Cause of Action

77.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78.     This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

b) the collection letter was sent to a consumer seeking payment of a personal debt;

c) the collection letter was not returned by the postal service as undelivered;

d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

## VII.    Violations of the Fair Debt Collection Practices Act

79.    The Defendant's actions as set forth above in the within complaint violates the FDCPA.

80.    Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

81.    As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

## VIII.    Jury Demand

82.    Plaintiff demands a trial by jury.

## IX.    Prayer for Relief

83.    Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1)  Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2)  Attorney fees, litigation expenses and costs of suit;

3)  An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4)  Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
February 1, 2017

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Statement Date: 02-02-16
Creditor: DISCOVER BANK
Our Reference ::: **Redacted** 28
Creditor Account #: XXXXXXXXXXXX8129
Account Balance: $1,110.61

**firstsource**

Firstsource Advantage, LLC
205 Bryant Woods South, Amherst, NY 14228 • 1-866-517-7460
Firstsource Advantage, LLC is not affiliated with 1st Source Bank

**Settlement Offer**

Dear Sara Twersky:

We offer you an opportunity to pay less than the balance owed. This settlement, as offered, shall be in the total amount of $555.32. You should understand and consider the terms of any settlement before agreeing to it.

Should you choose to accept this settlement offer, please ensure that we receive your payment of $555.32, due in our office on or before 02-26-16. We are not obligated to renew this offer.

Should you accept this settlement offer, upon receipt and clearance of your payment, we will notify our client so it can update its records accordingly to reflect a settlement.

If you have any questions relative to the above referenced settlement, please do not hesitate to contact our office toll free at 1-866-517-7460.

This settlement may have tax consequences.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,
Kim Nestark
Firstsource Advantage, LLC
A Professional Debt Recovery Agency

New York City Department of Consumer Affairs License #1262554.

---

**Customer Service and Payment Information**

☏ Telephone: Toll free: 1-866-517-7460    🖳 TTY / TDD Users: 1-800-662-1220
ⓘ Office Hours (Eastern Time): Monday and Tuesday 8am-9pm, Wednesday-Friday 8am-8pm, Saturday 8am-12pm
✉ Send correspondence to: Firstsource Advantage, LLC, 205 Bryant Woods South, Amherst, NY 14228
🖳 For account information and payment options, you may access our website at www.fsapay.com

***Please Detach Lower Portion and Return with Your Payment***                    699CZFRST02_SIF_47394223

Do not send correspondence to this address.

CZFRST02
PO Box 1022
Wixom MI 48393-1022

CHANGE SERVICE REQUESTED

02-02-16

| IF PAYING BY CREDIT CARD, FILL OUT BELOW. | | |
|---|---|---|
| ☐ VISA ☐ MasterCard | | |
| CARD NUMBER | | EXPIRATION DATE |
| SIGNATURE | | PAYMENT DATE |
| ACCOUNT # **Redacted** 28 | BALANCE DUE $1,110.61 | AMOUNT PAID $ |

SARA TWERSKY
1315 51ST ST FL 1
BROOKLYN NY 11219-3527

**Make Payment To:**
FIRSTSOURCE ADVANTAGE, LLC
PO BOX 628
BUFFALO NY 14240-0628

**IMPORTANT: To receive proper credit, be sure to enclose this portion with your payment**